```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/08
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE PRO NET LINK ) <br> SECURITIES LITIGATION ) <br> _____) | CIVIL ACTION NO. 03-CV-2298 (LAP) |

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated June 10, 2008, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of March 10, 2008 (the "Stipulation"). Due and adequate notice of the settlement having been given as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. By Order entered June 10, 2008, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified, for purposes of effectuating this settlement, a Class consisting of all Persons who purchased the common stock of Pro Net Link Corp. ("Pro Net Link") between August 26, 1998 through and including July 1, 2001, inclusive, excluding the Defendants, any partners, officers, directors, or affiliates of any Defendant, members of the Defendants' immediate families, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors, nominees or assigns of any such excluded party.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation, and the Exhibits thereto, and approves the Plan of Allocation set forth in the Notice, and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, Plaintiffs, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Class Members and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5.      Except as to any individual claim of those Persons (identified in Exhibit A hereto) who have validly and timely requested exclusion from the Class, and as to Jean Pierre Collardeau (against whom the case is dismissed without prejudice pursuant to paragraph 13, below), the Litigation as well as all of the Released Claims and Released Defendants' Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.      Upon the Effective Date hereof, and in consideration of (a) the Settling Defendants' agreement to pay (or have their insurance companies pay) the amount of $ 225,000.00 (the "Cash Settlement Amount"), and (b) the Settling Defendants' and their Related Parties' release of the Settling Defendants' Released Claims, as set forth in the Stipulation, Plaintiffs and each Class Member (and their Related Parties, as defined in the Stipulation) shall be deemed to have, and by operation of the Judgment shall have: (1) fully, finally, and forever released, relinquished and discharged all Released Claims against the Settling Defendants, and each of them, and each of their Related Parties, whether or not such Settlement Class Member executes and delivers a Proof of

Claim and Release and (2) agreed to refrain from instituting, commencing, prosecuting, or cooperating with, either directly or indirectly, representatively, or in any other capacity, any and all Released Claims.

7.      All Class Members who are not listed on Exhibit A hereto are hereby forever barred and enjoined from prosecuting the Released Claims against the Settling Defendants and their Related Parties.

8.      Upon the Effective Date hereof, and in consideration of the releases to be provided by Plaintiffs, the Class, and all members thereof, the Settling Defendants, and each of them (and their Related Parties as defined in the Stipulation), shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Plaintiffs, Class Members, Plaintiffs' Lead Counsel, and each of them, and each of those parties' Related Parties from all Released Settling Defendants' Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

9.      The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation and the Final Approval Hearing thereon, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10.     The Court hereby approves the Plan of Allocation for the Total Settlement Fund of

$1,225,000.00 ("Total Settlement Fund") as set forth in the Notice distributed to the Class.

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Plaintiffs and the Class, the sufficiency or deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, fault of the Settling Defendants and their Related Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Defendants, or any of their Related Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against any of the Settling Defendants, individually or collectively, Plaintiffs and the Class, their Related Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Settling Defendants' Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any fact alleged by the Settling Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Parties and their Related Parties, or each or any of them, that any of the Plaintiffs' claims are with or without merit, that damages recoverable under the Plaintiffs' operative complaint would have been greater or less than the Cash Settlement Amount or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been

4

recovered after trial. Any of the Settling Parties or any of their Related Parties may file this Stipulation and/or the Final Order and Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

13. Upon Plaintiffs' motion, the Court dismisses the Complaint without prejudice as to Defendant Jean Pierre Collardeau.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. Plaintiffs' Lead Counsel are awarded fees in the amount of ~~% of the Settlement Fund, or~~ $ 350,000.00, plus reimbursement of expenses in the amount of $ 143,226.28, plus interest to the same extent that interest has been earned on the Settlement Fund, both to be paid from the Settlement Fund pursuant to the terms of the Stipulation. Plaintiffs' Lead Counsel shall thereafter allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Litigation.

5

16. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Cash Settlement Amount, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED this __16th__ day of __September__, 2008.

_____
HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

Exhibit A to Final Judgment and Order of Dismissal with Prejudice
*In re Pro Net Link Securities Litigation*, Civil Action NO. 03-CV-2298(LAP)

The following individuals have made timely requests for exclusion from the class herein, and are hereby excluded from the Class:

1. Kenneth C. Morris, Jr.
2. Susan A. Morris